# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, J.A. FISCHER, T.H. CAMPBELL**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**CAILEAN S. HARRINGTON**
**AVIATION STRUCTURAL MECHANIC THIRD CLASS (E-4), U.S. NAVY**

**NMCCA 201500407**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 10 August 2015.
**Military Judge:** CAPT Charles Purnell, JAGC, USN.
**Convening Authority:** Commanding Officer, Strike Fighter Squadron ONE ZERO SIX, Virginia Beach, VA.
**Staff Judge Advocate's Recommendation:** LCDR Adam Yost, JAGC, USN.
**For Appellant:** CAPT Bree Ermentrout, JAGC, USN.
**For Appellee:** Mr. Brian Keller, Esq.

**29 February 2016**

---
### OPINION OF THE COURT
---

The appellant was convicted, pursuant to his pleas, of violating Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The convening authority approved the adjudged sentence of reduction to pay grade E-1, forfeiture of 2/3 pay per month for 12 months, confinement for 12 months, and a bad-conduct discharge. The case was submitted without assignment of error, although in a footnote alleging no prejudice appellate defense counsel noted that the part of the adjudged and approved sentence that included forfeiture of "two-thirds" of the appellant's pay per month for 12 months does not comply with the RULE FOR COURTS-MARTIAL 1003(b)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) requirement that, other than total forfeitures, adjudged forfeitures be expressed in whole dollar amounts. To ensure that the appellant is not prejudiced, we reassess the sentence and find a bad-conduct discharge, confinement for 12 months, forfeiture of $1,030.00 pay per month for 12 months, and reduction to E-1 to be appropriate.

We find that the findings and sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the findings and sentence, as reassessed, are affirmed.

For the Court



R.H. TROIDL
Clerk of Court